FREDERIC ROHE, *Ex-parte.*

A warrant of commitment or mittimns, must not only run in the name of the State, but it must set forth the offence with which the person is charged, or of which he stands convicted.

THIS was an application for a writ of habeas corpus. Rohe was brought before the Hon. THOMAS S. REYNOLDS, Mayor of Little Rock, on the 10th of April, 1843, charged with an attempt to rescue, from the custody of the city constable, a person who was in his custody. He required no jury; and the Mayor, after hearing evidence, adjudged that the State recover of him, for the use of the city, $25 and costs. On the same day, he issued the following warrant, by virtue of which Rohe was confined:

"State of Arkansas, county of Pulaski, city of Little Rock.

To the sheriff or jailer of said county: You are commanded to take the body of *Frederic Rohe,* and safely keep him until discharged by due course of law." Which was signed by him as Mayor. The writ of habeas corpus being returned, the matter was argued by *Blackburn,* for the petitioner.

*By the Court,* PASCHAL, J. The mittimus returned by the sheriff sets forth no offence with which the prisoner is charged, or of which he stands convicted; nor does the said precept run in the name of the State. When a man is imprisoned, the cause of his caption and detention should be sent along with him. The writ is wanting in a constitutional provision necessary to all writs; and it is equally insufficient in not setting forth the cause of the restraint of liberty.

The prisoner must, therefore, be discharged.